IN THE UNITED STATES DISTRICT COURT
NOTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **CARLOS HERNANDEZ and BRISA ROJAS-SALAZAR, Individually and on Behalf of All Those Similarly Situated,** | ) ) ) |
| | )   **Case No.:_____** |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **SUPER MERCADO JALISCO, INC., SUPER MERCADO JALISCO II, INC., SUPER MERCADO JALISCO #3, INC., SUPER MERCADO JALISCO #4 INC., SUPER MERCADO JALISCO #6, INC., SUPER MERCADO JALISCO #7, INC., JOSE LUIS COVARRUBIAS, SEBASTIAN COVARRUBIAS, ROCIO COVARRUBIAS, and, MARIA PELAYO, Jointly and Severally,** | ) ) ) ) ) ) ) ) ) |
| | ) |
| **Defendants.** | ) ) |

## COLLECTIVE ACTION COMPLAINT
### (Jury Trial Demanded)

Plaintiffs, Carlos Hernandez and Brisa Rojas-Salazar (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, upon personal knowledge as to themselves and upon information and belief as to other

1

matters, and allege as follows:

## NATURE OF THE ACTION

1.      Defendants operate a supermarket chain called Super Mercado Jalisco. Super Mercado Jalisco has six stores throughout the metro Atlanta area. Plaintiffs worked for Super Mercado Jalisco in multiple locations during their employment.

2.      Plaintiffs worked for Super Mercado Jalisco as cooks, cashiers, and general laborers.

3.      Plaintiffs were paid straight-time for all hours worked, despite working in excess of 40 hours per week throughout their employment.

4.      There is a large class of current and former employees of Super Mercado Jalisco who have suffered the same unpaid overtime wage injury, and have yet to receive redress. The exact number of employees is unknown at this time, but believed to be around 100 employees.

5.      Plaintiffs bring this action on behalf of themselves and all other similarly situated employees of Defendants, to recover unpaid overtime premium pay, owed to them pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 et seq, and supporting regulations.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, 1343. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

7.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions leading to this claim occurred while Plaintiffs performed work for Super Mercado Jalisco, Inc., located at 2175 Beaver Ruin Road, Suite 100, in Norcross, Georgia 30071, which is in Gwinnett County.

8.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

**Plaintiffs:**

9.     Plaintiff, Carlos Hernandez, was at all relevant times, an adult individual residing at 130 Claridge Lane, Lawrenceville, Georgia 30046, which is in Gwinnett County.

10.     Plaintiff, Brisa Rojas-Salazar, was at all relevant times, an adult-individual residing at 130 Claridge Lane, Lawrenceville, Georgia 30046, which is in Gwinnett

County.

**Defendants:**

11.     Defendant Super Mercado Jalisco, Inc., is an active Georgia corporation. Its principal place of business is 2175 Beaver Ruin Road, Suite 100, Norcross, Georgia 30071, which is in Gwinnett County.

12.     Defendant Super Mercado Jalisco II, Inc., is an active Georgia corporation. Its principal place of business is 134 South Clayton Street, Lawrenceville, Georgia 30045, which is in Gwinnett County.

13.     Defendant Super Mercado Jalisco #3, Inc., is an active Georgia corporation. Its principal place of business is 1957 South Cobb Drive, Suite 100, Marietta, Georgia, 30080, which is in Cobb County.

14.     Defendant Super Mercado Jalisco #4, Inc., is an active Georgia corporation. Its principal place of business is 6200 Buford Highway, Suite #2J-2G, Norcross, Georgia 30071, which is in Gwinnett County.

15.     Defendant Super Mercado Jalisco #6, Inc., is an active Georgia corporation. Its principal place of business is 10390 Alpharetta Street, Roswell, Georgia 30075, which is in Fulton County.

16.    Defendant Super Mercado Jalisco #7, Inc., is an active Georgia corporation. Its principal place of business is 3355 Steve Reynolds Boulevard, Suite 101, Duluth, Georgia 30096, which is in Gwinnett County.

17.    Upon information and belief, Defendant Jose Luis Covarrubias is an owner, officer, director and/or managing agent of Super Mercado Jalisco, Inc., as well as at its various affiliate stores listed in this complaint. Mr. Covarrubias' address is unknown at this time.

18.    Upon information and belief, Defendant Sebastian Covarrubias is an owner, officer, director and/or managing agent of Super Mercado Jalisco II, Inc., as well as at its various affiliate stores listed in this complaint. Mr. Covarrubias' address is unknown at this time.

19.    Upon information and belief, Defendant Rocio Covarrubias is an owner, officer, director and/or managing agent of Super Mercado Jalisco, Inc., as well as at its various affiliate stores listed in this complaint. Mr. Covarrubias' address is unknown at this time.

20.    Upon information and belief, Defendant Maria Pelayo is an owner, officer, director and/or managing agent of Super Mercado Jalisco, Inc., as well as at its

5

various affiliate stores listed in this complaint. Ms. Pelayo's address is unknown at this time.

21.    Jose Luis Covarrubias, Sebastian Covarrubias, Rocio Covarrubias, and Maria Pelayo (the "Individual Defendants") participated in the day-to-day operations of the various Super Mercado Jalisco locations, and acted intentionally and maliciously, an each individual is considered an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d), and the regulations promulgated under 29 C.F.R. § 791.2, and are jointly and severally liable with Super Mercado Jalisco, Inc., Super Mercado Jalisco II, Inc., Super Mercado Jalisco #3, Inc., Super Mercado Jalisco #4, Inc., Super Mercado Jalisco #6, Inc., and Super Mercado Jalisco #7, Inc (the "Corporate Defendants").

22.    Upon information and belief, the Individual Defendants jointly set the unlawful payroll policies complained of in this complaint for all of the Corporate Defendant store locations.

23.    At all relevant times, Defendants have been employers of Plaintiffs, and/or joint employers within the meaning of the FLSA.

24.    Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000, within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

25.   Additionally, upon information and belief, at all relevant times, Defendants have had employees working on goods that have been moved or produced for commerce, in that they operate a supermarket that sells food items from various parts of the United States, within the meaning of 29 U.S.C. § 203(s)(1)(A)(i).

### STATEMENT OF FACTS

26.   At all relevant times, Defendants have been in the supermarket industry, supplying customers with various food products and beverages.

27.   Upon information and belief, the Individual Defendants handle payroll and record keeping for the Corporate Defendants, and are actively involved with the Corporate Defendants' day-to-day operations.

28.   Plaintiff Hernandez was employed by Defendants as a general laborer. Mr. Hernandez' job duties involved stocking food merchandise, cleaning shelves, sweeping floors, butchering meat, making deliveries, and various general labor tasks. Mr. Hernandez was initially employed at Super Mercado Jalisco, Inc, at 2175 Beaver Ruin Road, Norcross, Georgia 30071, from about May 1, 2016 to July 15, 2016 (11 weeks). Mr. Hernandez was then transferred to Super Mercado Jalisco II, Inc., at 134 South Clayton Street, Lawrenceville, Georgia 30045, and worked from about July

16, 2016 to September 30, 2016 (11 weeks). Mr. Hernandez worked a combined total of 22 weeks for Defendants for those two locations.

29.     Mr. Hernandez was paid $10 per hour, and worked 61 hours per week, at both Super Mercado Jalisco locations. Mr. Hernandez was generally paid $500 per week by check, and received an additional $110 per week in cash from Defendants, totaling $610.00 per week.

30.     Plaintiff Rojas-Salazar was employed by Defendants as a cook and a cashier. Her job duties included cooking food and working on the cash register. Ms. Rojas-Salazar was employed at Super Mercado Jalisco II, Inc., at 134 South Clayton Street, Lawrenceville, Georgia 30045, and worked from about July 4, 2016 to February 20, 2017 (33 weeks).

31.     Ms. Rojas-Salazar was paid $9 per hour, and generally worked 49 hours per week, but has worked as many as 63 hours in a single week in the past. For her 49 hours of work per week, Ms. Rojas-Salazar was paid $491.00 by check.

32.     Plaintiffs were paid straight-time for all hours worked, despite working well in excess of 40 hours per week.

33.     This failure to pay overtime wages to these hourly employees can only be

considered a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

## STATEMENT OF CLAIM

34.    Mr. Hernandez worked 61 hours per week, which includes 40 regular hours and 21 overtime hours. Mr. Hernandez was paid straight-time for all hours worked. His rate of pay was $10 per hour, so his "half-rate" is $5 per hour, for the purposes of computing overtime.[1] 21 overtime hours multiplied by $5 half-rate, equals $105 unpaid overtime per week. Mr. Hernandez was employed 22 weeks by Defendants. 22 weeks multiplied by $105 unpaid overtime per week, equals $2,310 in unpaid overtime wages. If the Court grants liquidated damages in this case, pursuant to 29 U.S. Code § 216(b), then the total damages are $2,310 plus $2,310, which equals $4,620.

35.    Ms. Rojas-Salazar worked 49 hours per week, which includes 40 regular hours and 9 overtime hours. Ms. Rojas-Salazar was paid straight-time for all hours worked. Her rate of pay was $9 per hour, so his "half-rate" is $4.50 per hour, for the purposes of computing overtime. 9 overtime hours multiplied by $4.50 half-rate, equals $40.50 unpaid overtime per week. Ms. Rojas-Salazar was employed 33 weeks by

---

[1] The half-rate is determined by dividing the regular rate of pay by 2.

Defendants. 33 weeks multiplied by $40.50 unpaid overtime per week, equals $1,336.50 in unpaid overtime wages. If the Court grants liquidated damages in this case, pursuant to 29 U.S. Code § 216(b), then the total damages are $1,336.50 plus $1,336.50, which equals $2,673.

36.    Therefore, since Plaintiff Hernandez is owed $4,620, and Plaintiff Rojas-Salazar is owed $2,673, Plaintiffs are owed a total of $7,293.

## FLSA COLLECTIVE ACTION ALLEGATIONS

37.    Pursuant to 29 U.S.C. §§ 207 & 216(b), Plaintiffs bring their First Cause of Action as a collective action under the FLSA on behalf of themselves and the following collective:

> All persons employed by Defendants, at any time since August 21, 2014, and through the entry of judgment in this case (the "Collective Action Period") who worked as cooks, cashiers, stock workers, janitors, deliverymen, general laborers, and all other hourly employees (the "Collective Action Members").

38.    A collective action is appropriate in this circumstance because Plaintiffs and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policy of failing to pay overtime premiums for work performed in excess of 40 hours per week. As a result of this policy, Plaintiffs and

the Collective Action Members did not receive the legally-required overtime premium payments for all hours worked in excess of 40 hours per week.

39.    There is a large class of current and former employees of Super Mercado Jalisco who have suffered the same unpaid overtime wage injury, and have yet to receive redress. The exact number of employees is unknown at this time, but believed to be around 100 employees.

### FIRST CAUSE OF ACTION
### FAIR LABOR STANDARDS ACT – UNPAID OVERTIME

40.    Plaintiffs, on behalf of themselves the Collective Action Members, and the Class Members, repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

41.    As a result of Defendant's failure to compensate its employees, including Plaintiffs and Collective Action Members, at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. § 201 *et seq*., including 29 U.S.C. § 207(a)(1) and 215(a), for which Plaintiffs and the Collective Action Members are entitled to relief pursuant to 29 U.S.C. 216(b).

42.     Defendants have failed to pay overtime to these hourly employees, with no colorable argument as to why these workers are exempt. This constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

43.     The failure to pay overtime has caused Plaintiffs to suffer lost of wages and interest thereon. Plaintiffs and Collective Action Members are entitled to recover from Defendants her unpaid overtime premium compensation, liquidated damages, attorney's fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Therefore, Plaintiffs respectfully requests that this Court grant the following relief:

a. An order tolling the relevant statutes of limitations;

b. An order declaring that Defendants violated the FLSA;

c. An award of unpaid overtime wages due under the FLSA;

d. An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay overtime wages

e. An award of prejudgment and post-judgment interest;

12

f. An award of costs and expenses of this action together with attorney's fees;

g. Such other and further relief and this Court deems just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: August 21, 2017

Respectfully submitted,

**s/ Brandon A. Thomas**
**BRANDON A. THOMAS**
**GA BAR NO.: 742344**
The Law Offices of Brandon A. Thomas, PC
1800 Peachtree Street, N.W., Suite 300
Atlanta, GA 30309
Tel: (404) 343-2441
Fax: (404) 352-5636
brandon@brandonthomaslaw.com